UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

UNITED STATES OF AMERICA,

        -against-                                MEMORANDUM OF DECISION

SHANNON JIMINEZ,                              92-cr-00091 (RJD)

                     Defendant.
-------------------------------------------------------------X

DEARIE, District Judge

       Defendant Shannon Jiminez's request for early termination of his supervised release under 18 U.S.C. § 3583(e) is granted.

## BACKGROUND

       On April 21, 1995, the Court sentenced Mr. Jiminez to 360 months' imprisonment and 5 years' supervised release after a jury convicted him of conspiracy to distribute and possess with intent to distribute crack cocaine in violation of 21 U.S.C. §§ 841(b)(1)(A)(iii) and 846, in connection with his participation in activities of the "Supreme Team," a violent drug gang based in the Baisley Park Houses in Queens.  Mr. Jiminez served over 26 years in prison and has completed just over four years of his term of supervised release.  His supervised release is scheduled to be completed on December 7, 2021.

       Mr. Jiminez now moves the Court pro se for early termination of his supervised release. For the reasons stated herein, Mr. Jiminez's request for early termination is granted effective March 1, 2021.

## LEGAL STANDARD

       A defendant may be eligible for an early termination of supervised release "after the expiration of one year of supervised release . . . if [the court] is satisfied that such action is

warranted by the conduct of the defendant released and the interest of justice[.]" 18 U.S.C. § 3583(e).  In determining whether early termination is justified, a court must consider factors set forth in Section 3553(a) which include, in pertinent part, the nature and circumstances of the offense, the history and characteristics of the defendant and the need for the sentence imposed, such as to reflect the seriousness of the offense, to promote respect for the law, to afford adequate deterrence and to protect the public from further crimes of the defendant.  See 18 U.S.C. § 3553(a).  The decision whether to grant early termination rests within the discretion of the district court.  United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997).

Exceptionally good behavior may constitute a changed circumstance that renders a previously imposed term of release "either too harsh or inappropriately tailored to the serve the general punishment goals of § 3553(a)."  Id.  Courts have accordingly granted motions for early termination in light of rehabilitative efforts and good conduct while on supervised release. See, e.g., United States v. Thomas, 346 F. Supp. 3d 326, 335 (E.D.N.Y. 2018); United States v. Sam, No. 16-cr-184 (JGK), 2018 WL 836055, at *1 (S.D.N.Y. Feb. 12, 2018); United States v. Wood, No. 88-cr-723 (CPS), 2009 WL 3259422, at *2 (E.D.N.Y. Oct. 8, 2009).

## DISCUSSION

Mr. Jiminez argues that the Court should terminate the remainder of his supervised release because of his positive track record since sentencing and so that he may be able "to live truly independently," by, for example, registering to vote and traveling for both personal and professional purposes.  ECF No. 898 at 2.  At age 51, he states that since his arrest in 1990 he has "come to understand deeply the error of [his] ways" when he was 20 years old.  Id.  He explains that he has begun to make amends by informing youth about the devastating effects of drugs and violence through formal programs and informal outreach.  He has been gainfully

2

employed since his release and volunteers as a math tutor at an after-school program. A self-described "simple man," Mr. Jiminez chooses to spend his time working or with his growing family. Id. Significantly, he has no serious disciplinary violations from his time in prison and has met all conditions of his supervised release. The government acknowledges Mr. Jiminez has been compliant with the requirements of his supervised release, but nevertheless opposes his request because his "behavior while on supervised release has not been so remarkable as to justify early termination." ECF No. 899 at 2. I disagree.

I have consulted with the Probation Department, considered the parties' submissions and the Section 3553(a) factors and I find Mr. Jiminez's rehabilitation impressive. Indeed, I choose not only to acknowledge it, but also to reward his determination to lead a responsible life and the success he has already realized. It is true, as the government notes, that compliant behavior is to be expected of all those on supervised release. However, this is an unusual case that invites exception in Mr. Jiminez's favor and, just as importantly, serves the interest of justice by reminding others that such laudable progress is possible and will reap rewards.

## CONCLUSION

In attitude and action, Mr. Jiminez has made significant progress. His motion for early termination of his term of supervised release is granted effective March 1, 2021.


SO ORDERED.

Dated: Brooklyn, New York
      February 12, 2021

                                                  /s/ Raymond J. Dearie
                                               RAYMOND J. DEARIE
                                               United States District Judge